IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                                                         No. CR 10-2380 JB

SAUL VAZQUEZ-VAZQUEZ,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed October 1, 2010 (Doc. 15). The Court held a sentencing hearing on October 27, 2010. The primary issues are: (I) whether the Court should not apply recency points in calculating Defendant Saul Vasquez-Vasquez' criminal history category, because of proposed amendments to the sentencing Guidelines -- set forth by the United States Sentencing Commission ("the Commission") -- which would eliminate the recency points; and (ii) whether the Court should continue Vasquez-Vasquez' sentencing until after November 1, 2010, when the Commission's proposed amendments will likely become effective. While the Court believes that it must use the current Guidelines to accurately calculate Vazquez-Vazquez' advisory Guidelines sentence, the Court also believes that a variance is appropriate and will sentence Vazquez-Vazquez consistently with a sentence that does not reflect the recency points. Because the Court will sentence Vazquez-Vazquez consistently with a sentence that does not reflect the recency points, the Court need not and will not continue Vasquez-Vasquez' sentencing hearing until after November 1, 2010.

**PROCEDURAL BACKGROUND**

On July 12, 2010, United States Border Patrol agents arrested Vasquez-Vasquez. On August 18, 2010, Vasquez-Vasquez entered into a plea agreement pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, which stipulated to an offense level of 8, for the offense of re-entry after deportation. See Fast Track Plea Agreement at 2, filed August 18, 2010 (Doc. 13). On September 30, 2010, the United States Probation Office disclosed the Presentence Investigation Report ("PSR").

The PSR recommends that the Court, pursuant to U.S.S.G. § 4A1.1(e), add 2 points to Vasquez-Vasquez' criminal history score, because he committed this federal offense of re-entry of a removed alien within two years of his release from custody on a previous conviction. See PSR ¶ 23, at 5. Vasquez-Vasquez has submitted a sentencing memorandum to assist the Court. See Defendant's Sentencing Memorandum, filed October 10, 2010 (Doc. 15)("Sentencing Memorandum"). Vasquez-Vasquez requests that the Court not add the 2 recency points to his criminal history level, because the Commission has proposed an amendment to the Guidelines, removing of the recency points. See Sentencing Memorandum at 1. If the Court does not add these 2 points, Vasquez-Vasquez will have only 3 criminal history points, which will place him in criminal history category II. See id. at 2. Based on an offense level of 8, his sentencing range will then be 4 to 10 months, with a recommended sentence at the low end of the Guideline range. See Plea Agreement ¶ 6, at 3 ("Additionally, the United States agrees to recommend that a sentence at the low end of the sentencing guideline range is appropriate."). Apparently alternatively, Vazquez-Vazquez requests that the Court schedule his sentencing hearing for the first part of November, after the amendment becomes effective, and that the Court apply the amendment in his case. See Sentencing Memorandum at 2.

## RELEVANT LAW REGARDING RECENCY POINTS

In April 2010, the Commission voted to amend the United States Sentencing Guidelines by deleting U.S.S.G. § 4A1.1(e) -- recency points. See News Release, United States Sentencing Commission, U.S. Sentencing Commission Votes to Send to Congress Guideline Amendments Providing More Alternatives to Incarceration, Increasing Consideration of Certain Specific Offender Characteristics During the Sentencing Process at 1 (dated April 19, 2010)("News Release"). The apparent reason for this amendment is that the Commission has concluded that recency points add little or nothing to the predictive quality of the criminal history score and fail to reflect meaningful differences in offender culpability. See News Release at 1. The Commission states:

> [T]he Commission decided to delete the "recency" provision of the criminal history computation, in part, because when combined with other guideline calculations for firearms or unlawful entry (immigration) offenses, the addition of recency "points" may result in a single criminal history having excessive weight in the determination of the applicable guideline range. The Commission further determined that deletion of the provision did not detract from the overall ability of the criminal history score (resulting from the guidelines calculation) to predict an offender's likelihood of recidivism.

See News Release at 1. The Commission decided not, however, to make this amendment retroactive to defendants who have already been sentenced. See Notice of Submission to Congress of Amendments to the Sentencing Guidelines Effective November 1, 2010, 57 Fed. Reg. 27,388, 27,393 (proposed May 14, 2010)("Notice").

On April 29, 2010, the Commission submitted the proposed amendments to the sentencing Guidelines to Congress. See Notice, 57 Fed. Reg. 27,388. These amendments will become effective on November 1, 2010, unless Congress acts to the contrary. See Notice, 57 Fed. Reg. 27,388. Because Congress has taken no action, the amendments will likely be adopted on November 1, 2010. Congress began its election recess on September 30, 2010, and will not return until after the

elections in November. See Eric H. Holder, Editorial, A Crisis in Our Courts, Washington Post, Sept. 28, 2010, at A25 ("As Congress finishes its last week in session before the November elections . . . ."); Congressional Schedules, Calendars, http://thomas.loc.gov/home/schedules.html (last visited October 28, 2010). There is therefore little, if any, chance that Congress will take action to stop or subsequently repeal this proposed amendment. Accordingly, the amendment will most likely go into effect on November 1, 2010.

## ANALYSIS

Vazquez-Vazquez' counsel requests that the Court not add the recommended 2 points assessed against Vazquez-Vazquez in paragraph 23 of the PSR, because of the proposed amendment to the sentencing Guidelines deleting the recency points. While the Court will apply the current sentencing Guidelines, and will not sentence Vazquez-Vazquez using an offense level of 8 and criminal history category II, the Court will vary from the advisory Guideline sentence, and will sentence Vazquez-Vazquez at a range consistent with what he requests.

The Commission has proposed removal of U.S.S.G. § 4A1.1(e), and it appears that Congress will not take action or stop this proposed amendment. While it is true that, should Congress decide to remove this guideline, this amendment would not be effective until November 1, 2010, that date is close in time, and removal of § 4A1.1(e) seems inevitable. While there is no doubt that, at this time, the 2 points which were assessed pursuant to § 4A1.1(e) are accurately assessed, the Court will vary from the advisory Guideline range.

The Court has carefully considered the factors in 18 U.S.C. § 3553(a), and those factors support a variance. Vazquez-Vazquez' only prior conviction is for possession of cocaine. He has two other arrests: (i) residential entry; and (ii) dealing cocaine. The PSR did not contain details on the residential entry charge. The Court does not believe that a sentence of 6 months is necessary to

protect the public; the Court believes a 4-month sentence will reflect the need to protect the public as well as a 6-month sentence.

A 4-month sentence also reflects the seriousness of the offense, promotes respect for the law, affords adequate deterrence, and fully and effectively reflects each of the factors in 18 U.S.C. § 3553(a) as well as a 6-month sentence. Vazquez-Vazquez is not a defendant who has a number of re-entry convictions and is not getting the message; it is as likely as not that this sentence will give him the message that he must not re-enter the United States without permission or he may face a longer sentence. Moreover, a 4-month sentence provides a more just punishment than a 6-month sentence, because delaying of the sentencing hearing for a few days would provide Vazquez-Vazquez with the 4-month sentence. Furthermore, to sentence Vazquez-Vazquez to a 6-month sentence this week and a similarly situated defendant to a 4-month sentence next week would begin to introduce unwarranted disparities in sentences between similarly situated defendants without a strong distinction. And while the Court's task as a trial court is not to come up with a reasonable sentence, but to balance the 18 U.S.C. § 3553(a) factors correctly, see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted), the Court believes that the 4-month sentence is a more reasonable sentence given that it appears almost certain that the recency points provision will be removed in a few days. In the end, the Court believes that the parsimony clause counsels that the Court choose a 4-month sentence over a 6-month sentence. The Court believes that a sentence of 4 months is sufficient, but not greater than necessary, to comply with the purposes of punishment set forth in the Sentencing Reform Act. In sum, there is no sound reason to apply a sentence that reflects the recency points other than a slavish adherence to the Guidelines,

which is only one of the factors that the Court must consider. While the Court must consider the current Guidelines when it arrives at its sentence, the Court must also take into account other sentencing goals. In Vazquez-Vazquez' case, those other factors outweigh application of the sentencing range that the current Guidelines suggest.

The Court commits Vazquez-Vazquez to the custody of the Bureau of Prisons for a term of 4 months. The Court will exercise its discretion not to place Vazquez-Vazquez on supervised release. Based on Vazquez-Vazquez' limited financial resources, and the fact that the United States is not interested in pursuing a fine as part of its rule 11(c)(1)(C) agreement, the Court will not impose a fine. The Court will not require Vazquez-Vazquez to pay a special assessment fee of $100.00, based on the United States' willingness to waive the special assessment fee.

**IT IS ORDERED** that the requests in the Defendant's Sentencing Memorandum, filed October 1, 2010 (Doc. 15), that the Court not apply recency points in calculating his Criminal History Category points and continue the sentencing hearing until November, 2010 are denied. The Court will, however, vary from the advisory sentencing Guidelines, and sentence Vazquez-Vazquez to a sentence that does not reflect the recency points.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Norman Cairns
Paige Messec
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Phillip P. Medrano
  Assistant Federal Public Defender
Federal Public Defender's Office
Albuquerque, New Mexico

    *Attorney for the Defendant*