# UNITED STATES DISTRICT COURT
### District of New Mexico

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **Saul Vazquez-Vazquez** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **2:10CR02380-001JB** |
| | USM Number: **57639-051** |
| | Defense Attorney: **Phillip Medrano, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Information**
☐ pleaded nolo contendere to count(s)
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 8 U.S.C. Sec. 1326(a)/(b) | Re-entry of a Removed Alien | 07/12/2010 | |

The defendant is sentenced as specified in pages 2 through **4** of this judgment. The sentence is imposed under the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

|   | **October 26, 2010** |
|---|---|
| County of Residence | Date of Imposition of Judgment |
|   |   |
|   | **/s/ James O. Browning** |
|   | Signature of Judge |
|   |   |
|   | **Honorable James O. Browning** |
|   | **United States District Judge** |
|   | Name and Title of Judge |
|   |   |
|   | **November 8, 2010** |
|   | Date Signed |

Defendant: **Saul Vazquez-Vazquez**
Case Number: **2:10CR02380-001JB**

# IMPRISONMENT

The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **4 months**.

**The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence.**

**The Court has carefully considered the factors in 18 U.S.C. § 3553(a), and those factors support a variance. Saul Vazquez-Vazquez` only prior conviction is for possession of cocaine. He has two other arrests: (i) residential entry; and (ii) dealing cocaine. The PSR did not contain details on the residential entry charge. Given his limited criminal history, the Court does not believe that a sentence of 6 months is necessary to protect the public; the Court believes a 4-month sentence will reflect the need to protect the public as well as a 6-month sentence.**

**A 4-month sentence also reflects the seriousness of the offense, promotes respect for the law, affords adequate deterrence, and fully and effectively reflects each of the factors in 18 U.S.C. § 3553(a) as well as a 6-month sentence. Vazquez-Vazquez is not a defendant who has a number of re-entry convictions and is not getting the message; it is as likely as not that this sentence will give him the message that he must not re-enter the United States without permission or he may face a longer sentence. Moreover, a 4-month sentence provides a more just punishment than a 6-month sentence, because delaying the sentencing hearing for a few days would provide Vazquez-Vazquez with the 4-month sentence. While the current Guidelines require the Court to assess recency points to accurately calculate the advisory guideline sentence, Vasquez-Vasquez; sentencing was held on October 26, 2010, and the United States Sentencing Commission proposed an amendment eliminating recency points effective November 1, 2010. To sentence Vazquez-Vazquez to a 6-month sentence and a similarly situated defendant to a 4-month sentence the next week would begin to introduce unwarranted disparities in sentences between similarly situated defendants without a strong distinction. And while the Court`s task as a trial court is not to come up with a reasonable sentence, but to balance the 18 U.S.C. § 3553(a) factors correctly, see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted), the Court believes that a 4-month sentence is a more reasonable sentence given that it appears almost certain that the recency points provision will be removed in a few days. In the end, the Court believes that the parsimony clause counsels that the Court choose a 4-month sentence over a 6-month sentence. The Court believes that a sentence of 4 months is sufficient, but not greater than necessary, to comply with the purposes of punishment set forth in the Sentencing Reform Act. In sum, there is no sound reason to apply a sentence that reflects the recency points other than a slavish adherence to the Guidelines, which is only one of the factors that the Court must consider. While the Court must consider the current Guidelines when it arrives at its sentence, the Court must also take into account other sentencing goals. In Vazquez-Vazquez` case, those other factors outweigh application of the sentencing range that the current Guidelines suggest.**

☐  The court makes these recommendations to the Bureau of Prisons:


☒  The defendant is remanded to the custody of the United States Marshal.
☐  The defendant must surrender to the United States Marshal for this district:
   ☐  at   on
   ☐  as notified by the United States Marshal.
☐  The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐  before 2 p.m. on
   ☐  as notified by the United States Marshal
   ☐  as notified by the Probation or Pretrial Service Office.

# RETURN

I have executed this judgment by:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

UNITED STATES MARSHAL

Deputy United States Marshal

Defendant: **Saul Vazquez-Vazquez**
Case Number: **2:10CR02380-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments.

☒ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $waived | $0.00 | $0.00 |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A   ☐  In full immediately; or
B   ☐  $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.